IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANNE LEIDY AND OWEN RENTALS AND SERVICE CENTERS DBA DISCOUNT HITCH, | § § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| ALTERRA AMERICA INSURANCE COMPANY, DAVID COLLEY and JOEL VOELKNER, | § § § § § | |
| *Defendants* | § § | |

**DEFENDANT, ALTERRA AMERICA INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Defendant ALTERRA AMERICA INSURANCE COMPANY ("Alterra") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.**

**Factual Background**

1. On or about July 16, 2015, Plaintiffs filed their Original Petition in a case styled *Dianne Leidy and Owen Rentals and Service Centers d/b/a Discount Hitch v. Alterra America Insurance Company, David Colley and Joel Voelkner,* Cause No. 2015-41173, pending in the 133rd Judicial District Court for Harris County, Texas.

2. CT Corporation received service of the Original Petition on Alterra's behalf on July 29, 2015. Alterra filed its Original Answer to Plaintiffs' Original Petition on August 19, 2015.

3. Co-Defendant, Joel Voelkner ("Voelkner"), received service of the Original Petition on July 30, 2015. Co-Defendant, David Colley ("Colley"), received service of the Original Petition on August 12, 2015. Colley and Voelkner filed their Answer to Plaintiffs' Original Petition on August 21, 2015.

4. Alterra files this notice of removal within 30 days of receiving Plaintiffs' pleading. *See* 28 U.S.C. §1446(b).

5. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** Plaintiffs' Original Petition;
- **Exhibit C:** Citation served on Alterra;
- **Exhibit D:** Citation served on Voelkner;
- **Exhibit E:** Citation served on Colley;
- **Exhibit F:** Alterra's Original Answer to Plaintiffs' Original Petition;
- **Exhibit G:** Colley and Voelkner's Original Answer to Plaintiffs' Original Petition; and
- **Exhibit H:** List of Parties and Counsel

## II.

### Basis For Removal

6. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**Plaintiffs and Alterra Are Diverse**

7. Upon information and belief, Plaintiff, Dianne Leidy, was a resident of the State of Texas at the time the lawsuit was filed. Additionally, Plaintiff, Owen Rentals and Service Centers d/b/a Discount Hitch is a company doing business in the State of Texas.

8. Alterra is, and was at the time the lawsuit was filed, incorporated under the laws of the State of Delaware, with its principal place of business in Glen Allen, Virginia.

9. Co-Defendants, Voelkner and Colley, not proper parties to this lawsuit, are citizens of the State of Texas.

    a. **Co-Defendants, Voelkner and Colley, have been improperly joined in this lawsuit.**

10. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Alterra would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Voelkner and Colley, independent adjusters with Synergy Adjusting Corporation, did not commit any torts in their individual capacities.

11. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiffs state a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut.*

*Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

12. Here, Plaintiffs fail to offer any specific facts in support of their claims against Voelkner and Colley that are distinct from Plaintiffs' claims against Alterra, and therefore fail to state a viable state law claim against Voelkner and Colley, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

13. Plaintiffs' allegations against Voelkner and Colley are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Voelkner and Colley were assigned by Alterra to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Voelkner and Colley are the generic and conclusory allegations that Voelkner and Colley: (1) improperly adjusted the claim; (2) failed to quantify the damages and made errors in estimating the value of the claim, thereby failing to adequately compensate Plaintiffs for the alleged loss; and (3) made unspecified misrepresentations to Plaintiffs regarding coverage for the claim. Just as in *Okenkpu* cited above, Plaintiffs' Original Petition "fails to specify any statements which Plaintiffs consider to be misrepresentations or fraudulent, [Plaintiffs do] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

14. Briefly summarizing statutory language and common law causes of action, as Plaintiffs did here, is not the same as pleading actionable facts to which a cause of action should apply. Thus, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Voelkner and Colley. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

15. Further, without asserting facts as to how Voelkner and Colley individually, and not as independent adjusters assigned by Alterra, committed an actionable violation of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal.[1] Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.[2] Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.[3] Here, the alleged harm is Alterra's failure to pay the claim.

16. "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[4] However, it fails to do so. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.[5] It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in

---

[1] *See Twombly*, 550 U.S. at 555.

[2] *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).
[3] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

[4] *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).

[5] *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

his estimate "did not in itself make the figure reasonable."[6] This, however, is precisely the pleaded claims against Voelkner and Colley in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

17. The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether Alterra owes Plaintiffs any amount for a covered loss. Plaintiffs' claims are for economic losses against Alterra, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiffs' assertions against Voelkner and Colley, the non-diverse Defendants, fail to show any likelihood of recovery against Voelkner and Colley, individually. The citizenship of the non-diverse Defendants, Voelkner and Colley, therefore, is disregarded and removal of this case is proper.

    **b. The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

18. As alleged in their Original Petition, Plaintiffs seek monetary relief between $500,000 and $1,000,000. *See* Plaintiffs' Original Petition, paragraph 7 (**Exhibit B**). Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.

### The Removal is Procedurally Correct

19. Alterra first obtained notice of this lawsuit on July 29, 2015, when CT Corporation received service of the Original Petition. Thus, Alterra is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

20. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and

---

[6] *Id.* at 627-28.

because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

21. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22. Promptly after Alterra files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

23. Promptly after Alterra files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

24. Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Voelkner and Colley consent to this removal.

## IV.

## Conclusion

25. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Alterra hereby removes this case to this Court for trial and determination.

Respectfully,

THOMPSON, COE, COUSINS & IRONS, LLP

By:    */s/ Jamie R. Carsey*
      **Jamie R. Carsey,** *Attorney-in-Charge*
      Southern District Bar No. 567102
      State Bar No. 24045620
      E-Mail: *jcarsey@thompsoncoe.com*
      **Christina M. Fears**
      Southern District Bar No. 2368166
      State Bar No. 24060923
      E-Mail: *cfears@thompsoncoe.com*
      One Riverway, Suite 1400
      Houston, Texas   77056-1988
      (713) 403-8210  Telephone
      (713) 403-8299  Facsimile

*Counsel for Defendant -*
*ALTERRA AMERICA INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August, 2015, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

Bryant Fitts
Carla R. Delpit
Fitts Law Firm, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas  77056
Tel: (713) 871-1670
Fax: (713) 583-1492
bfitts@fittslawfirm.com

      */s/ Jamie R. Carsey*
      JAMIE R. CARSEY
      CHRISTINA M. FEARS