IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANNE LEIDY, *et al.*, § | | |
|    Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-2497 |
| § | | |
| ALTERRA AMERICA INSURANCE § | | |
| COMPANY, *et al.*, § | | |
|    Defendants. § | | |

## **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion to Remand [Doc. # 4] filed by Plaintiffs Dianne Leidy and Owens Rental and Service Centers ("Owens Rental"), to which Defendant Alterra America Insurance Company ("Alterra") filed a Response [Doc. # 6] asserting that non-diverse Defendants David Colley and Joel Voelkner were improperly joined. Having considered the full record and relevant legal authorities, the Court concludes that Colley was not improperly joined. As a result, the Court **grants** the Motion to Remand.

### **I.     BACKGROUND**

Plaintiff Dianne Leidy, a Texas citizen and resident, is a named insured under a Commercial Output insurance policy ("the Policy") issued by Alterra. The Policy insures against losses from wind and hail damage to Leidy's property, including realty

and improvements at 11501 North Freeway, Houston, Texas ("the Property"). Leidy owns Owens Rental, which does business at the Property as Discount Hitch.

Plaintiffs allege that the Property was damaged during a wind and hail storm on August 16, 2013. Leidy alleges that she noticed the damage shortly after the storm and contacted Alterra by telephone.

On January 8, 2015, Plaintiffs filed an insurance claim with Alterra under the Policy. Alterra, through its claims service manager, assigned independent adjusting company, Synergy Adjusting Corporation ("Synergy"), to adjust the claim. Synergy assigned independent adjusters Colley and Voelkner as the individual field adjusters. Colley inspected the Property on January 14, 2015. Colley claims to have obtained an Address-Specific Hail Report, which did not reflect a hail event at the Property in August 2013. As a result, Voelkner sent Plaintiffs a letter on March 12, 2015, informing them that the claim was denied.

Plaintiffs filed this lawsuit in Texas state court, naming Alterra, Colley, and Voelkner as Defendants and asserting, *inter alia*, violations of the Texas Insurance Code. Plaintiffs allege that Colley and Voelkner failed to conduct a reasonable and adequate investigation, which caused the improper denial of Plaintiffs' insurance claim. Alterra filed a timely Notice of Removal. Plaintiffs filed a Motion to Remand, which is now ripe for decision.

## II.     LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Alterra argues that Colley and Voelkner were improperly joined and, as a result, the Court should disregard their Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if there is "actual fraud in the pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009)

(citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)); *see also Mumfrey*, 719 F.3d at 401.  The party asserting improper joinder bears a heavy burden of persuasion.  *Kling Realty,* 575 F3d at 514.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  If there is a reasonable basis to predict that Plaintiffs can potentially recover on any of their causes of action against any non-diverse Defendant, the entire case must be remanded.  *See Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III.   ANALYSIS

In response to Plaintiffs' Motion to Remand, Alterra concedes that independent insurance adjusters can be liable for violations of the Texas Insurance Code.  Alterra argues, however, that Plaintiffs failed to allege an adequate factual basis for imposing such liability on Colley or Voelkner in this case.  The adequacy of the allegations in

Plaintiffs' complaint is evaluated, for purposes of the improper joinder analysis, under the "fair notice" pleading standard in Texas courts. *See Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 347 (5th Cir. Jan. 28, 2013); *Evans v. Kawasaki Motors Corp.*, 2015 SL 4434073, *2 (S.D. Tex. July 17, 2015) (Rosenthal, J.); *Stevenson v. Allstate Texas Lloyd's*, 2012 WL 360089, *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.); and cases cited therein.

Alterra argues that Plaintiffs' claims are inadequate because they are mere recitations of the statutory language from the Texas Insurance Code. Alterra's criticism, however, is refuted by the allegations in the complaint, reviewed under the "fair notice" pleading standard and explained by Plaintiffs in the Motion to Remand. Plaintiffs allege specifically -- and in a separate section relating exclusively to Colley – that Colley "conducted a substandard, results-oriented inspection of the Subject Property [and] failed to discover covered damages and/or fully quantify covered damages" to the Property. *See* Petition [Doc. # 1-5], ¶ 39. Indeed, Plaintiffs allege that Colley's investigation was inadequate and lasted "approximately one hour." *See id.*, ¶ 14. Plaintiffs allege further that Colley "misrepresented material facts" regarding the existence and extent of the covered losses. *See id.*, ¶ 40. Based on these allegations, Plaintiffs assert that Colley violated Texas Insurance Code Section 541.060(a). *See id.*, ¶ 34.

In the Motion to Remand, Plaintiffs allege further that Colley's results-oriented, substandard investigation led to a coverage decision that was based on Colley's incorrect belief that there was no hailstorm at the Property on August 16, 2013. Plaintiffs state that there were heavy hailstorms and high winds throughout the Houston area on August 16, 2013, and that the storms were widely reported by the news media.  Such post-removal filings may be considered if "they amplify or clarify facts alleged in the state court complaint."  *See Akerblom*, 509 F. App'x at 344.

Plaintiffs' Petition, as explained in more detail in the Motion to Remand, includes minimal yet adequate factual allegations, including those in a separate section relating only to Colley, to support the Texas Insurance Code claim against Colley. *See Geer v. Allstate Fire and Cas. Ins. Co.*, 2015 WL 4569520, *5 (S.D. Tex. July 28, 2015).  As a result, there is a reasonable basis to predict that Plaintiffs could possibly recover against Colley on this claim in state court.

Alterra has failed to satisfy its heavy burden to demonstrate that there is no possibility Plaintiffs could recover against Colley in Texas state court.  As a result, this Court lacks subject matter jurisdiction and the Motion to Remand is granted.

### IV.    **CONCLUSION AND ORDER**

Based on the foregoing, Alterra has failed to establish that there is no possibility that Plaintiffs could recover in state court against non-diverse Defendant Colley.  As

a result, Colley was not improperly joined and the Court must consider his Texas citizenship. Because Plaintiffs and Colley are Texas citizens, complete diversity is absent in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 4] is **GRANTED**. The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 15th day of **October, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE